FILED
United States Court of Appeals
Tenth Circuit

**March 11, 2013**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

BOBBY GIBSON,

  Defendant - Appellant.

No. 12-5146
(N.D. Oklahoma)
(D.C. Nos. 4:11-CV-00415-TCK-PJC
and 4:05-CR-00091-TCK-10)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **HARTZ**, **ANDERSON,** and **MURPHY**, Circuit Judges.

Petitioner, Bobby Gibson, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the motion to vacate, set aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255 motion unless he first obtains a COA). Gibson pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to serve a 120-month term of incarceration on January 20, 2007. The written plea agreement contained a waiver of Gibson's right to directly appeal or collaterally attack his conviction or sentence.

Gibson filed the instant § 2255 motion in the district court on March 6, 2008. In its order of dismissal, the district court concluded Gibson's motion was filed more than one year after his conviction became final. *See* 28 U.S.C. § 2255(f) (setting forth a one-year statute of limitations for § 2255 motions). The court further concluded Gibson was not entitled to equitable tolling because he failed to diligently pursue his claims and did not demonstrate that his failure to file a timely § 2255 motion was caused by extraordinary circumstances beyond his control. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Accordingly, the court dismissed Gibson's § 2255 motion as untimely.

To be entitled to a COA, Gibson must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Our review of the record demonstrates that the district court's dismissal of Gibson's § 2255 motion as untimely is not deserving of further proceedings or subject to a different resolution on appeal. No jurist of reason could debate

-2-

whether the district court abused its discretion in refusing to equitably toll the one-year limitations period.

Accordingly, we **deny** Gibson's request for a COA and **dismiss** this appeal. Gibson's request to proceed *in forma pauperis* in this matter is **granted**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge